# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN HUTCHINS, JR.,**

    **Petitioner,**

  **v.**                                                                                                                                     **Case No. 19-CV-1189**

**BRIAN FOSTER,**

    **Respondent.**

## RULE 4 ORDER

Kevin Hutchins, Jr., who is currently incarcerated at the Waupun Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) While Hutchins also simultaneously moved for leave to proceed without prepayment of the filing fee (Docket # 2), he subsequently paid the $5.00 filing fee. Thus, Hutchins' motion for leave to proceed without prepayment of the filing fee is now moot and his petition is ready for screening.

I must review Hutchins' petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, I review whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Hutchins raises four grounds for relief in his habeas petition. Grounds one, two, and four, construed broadly, allege ineffective assistance of trial counsel, while ground three alleges that the sentencing judge misapplied state sentencing law. A claim of a state law error is not cognizable in a federal habeas corpus case. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (federal habeas corpus challenge to state court ruling imposing consecutive sentences under state sentencing statute raised non-cognizable state law question). Thus, ground three should likely be dismissed. However, given that Hutchins' petition raises other grounds that translate, at least colorably, into a violation of rights under the United States Constitution and because it appears that Hutchins has completely exhausted his state court remedies under 28 U.S.C. § 2254(b)(1)(A), I conclude that the more prudent course is to have the respondent answer all four grounds of Hutchins' petition. Consequently, summary dismissal under Rule 4 is not appropriate and the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that Hutchins' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a copy of Hutchins' petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file his brief; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 18th day of September, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge